UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joseph H. Rodriguez |
|  | : | Criminal No. 18-309 |
| v. | : |  |
|  | : | OPINION |
| WILLIAM NOBLE | : |  |

This matter is before the Court on the motion for a new trial filed by Defendant William Noble ("Noble") [Dkt. 100] and the opposition thereto filed by the United States of America ("the Government"). [Dkt. 102]. For the reasons set forth below, the Court will deny Noble's motion.

I. Introduction

The Government charged Noble by indictment with the following crimes: conspiracy to receive or distribute child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count I); receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count II); distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count III); possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count IV); and accessing child pornography with intent to view it on government property in violation of 18 U.S.C. § 2252A(a)(5)(A) and (b)(2) (Count V) (the "Indictment"). [Dkt. 14]. The Indictment alleged that, between November 1, 2016 and April 26, 2017, Noble used cellular phones and digital storage cards to access, download, and distribute child pornography while incarcerated at FCI Fort Dix, and conspired with other inmates to do so. [Dkt. 14]. Noble was serving a sentence at FCI Fort Dix in Fort Dix, New Jersey after pleading guilty in the District of Massachusetts to

1

possessing and transporting child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and (a)(4)(B). [*See* Dkt. 57; 57-1 at 7–20].

Before trial, the Court heard argument on seven pretrial motions filed by Noble and the Government. Noble filed two motions seeking additional information in discovery, a motion to suppress a confession that he gave to an FBI agent, a motion to dismiss the Indictment for outrageous government conduct, and a motion to exclude a government witness. [Dkt. 41–44, 64]. The Government moved to admit Noble's prior convictions under Federal Rule of Evidence 414 and to preclude Noble from presenting an entrapment defense at trial. [Dkt. 57, 66]. The Court denied all of Noble's motions and granted both of the Government's motions. [Dkt. 80].

The case proceeded to a three-day jury trial, where the Government presented overwhelming evidence of Noble's guilt. The evidence which Noble did not move to exclude from the trial included testimony of Kevin Matthews, a Special Agent with the Federal Bureau of Investigation who investigated the existence and distribution of child pornography at FCI Fort Dix. [*See, e.g.*, Dkt. 91 at 44–47]. As part of Agent Matthews' investigation, a cooperating witness surreptitiously recorded Noble explaining how Noble obtained, viewed, organized, and distributed child pornography at FCI Fort Dix in collaboration with other inmates. [Gov. Exh. 30–31]. The Government presented this audio recording to the jury. [*E.g.* Dkt. 91 at 74:14–102:18]. The Government also presented images and videos obtained from a digital storage card recovered during the Government's investigation of child pornography at FCI Fort Dix. [Gov. Exh. 32–43]. These videos and images fit the description of videos and images which Noble discussed on the audio recording. [*See, e.g.*, Dkt. 91 at 100–01]. Again, Noble did not dispute the admissibility of the audio recording, images, or videos. After the Government rested its case,

Noble moved for a mistrial under Federal Rule of Criminal Procedure 29, and the Court denied his motion. [Dkt. 93].

The jury found Noble guilty of all five counts alleged in the Indictment. [Dkt. 97]. The jury also found that the child pornography at issue depicted prepubescent minors, which makes Noble eligible for heightened maximum sentences for Counts IV and V under 18 U.S.C. § 2252A(b)(2). [*Id.*]. Noble then filed the present post-trial motion for a new trial under Federal Rule of Criminal Procedure 33. [Dkt. 100].

## II. Legal Standard

Under Rule 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). But Rule 33 motions "are not favored and should be 'granted sparingly and only in exceptional cases.'" *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (quoting *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)). To establish that errors at trial constitute exceptional circumstances, a defendant must show that the errors "so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." *United States v. Thornton*, 1 F.3d 149, 156 (3d Cir. 1993). "Defendants bear the burden of demonstrating that the interest of justice requires the grant of a new trial." *United States v. Foxworth*, No. CR 14-540, 2017 WL 3279058, at *3 (E.D. Pa. Aug. 2, 2017), *aff'd sub nom. United States v. Buckman*, 811 F. App'x 73 (3d Cir. 2020) (citing *United States v. Amirnazmi*, 648 F. Supp. 2d 718, 719 (E.D. Pa. 2009)).

## III. Analysis

Noble has failed to carry his burden of showing that he deserves a new trial. Noble's motion seeks a new trial based on the Court's denial of his pretrial motions and grant of the Government's pretrial motions. [*See* Dkt. 100]. But Noble does even attempt to explain how the

Court's rulings on any of the seven pretrial motions run afoul of applicable law. Even if the Court committed legal error, Noble also fails to demonstrate or argue that any of the Court's rulings "so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." *Thornton*, 1 F.3d at 156. Based on the overwhelming evidence presented at trial, this is not an "exceptional case" that warrants retrial, and Noble has not carried his burden of showing otherwise. *Silveus*, 542 F.3d at 1004–05 (noting that a district court can order a new trial "'only if it believes that there is a serious danger that … an innocent person has been convicted.'" (quoting *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002))).

### IV.   Conclusion

For the reasons set forth above, the Court will deny Noble's motion for a new trial. An appropriate order will follow.


January 14, 2022                                             /s/ Joseph H. Rodriguez
                                                            Hon. Joseph H. Rodriguez, USDJ